## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM E. HARTMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 08-030-SLR |
| | ) |
| CORRECTIONAL MEDICAL | ) |
| SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this 15th day of May, 2008, having screened the case pursuant to 28

U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the claims against defendants Richard Kearney, Stan

Taylor, Michael Delay, and Carl Danberg are dismissed as frivolous pursuant to 28

U.S.C. § 1915 and § 1915A, and that plaintiff may proceed against defendants

Correctional Medical Services, Jill Mosser, Medication Reordering Nurse #1 and

Medication Reordering Nurse Heather, for the reasons that follow:

1. **Background**.  Plaintiff William E. Hartman ("plaintiff"), an inmate at the

Sussex Correctional Institution ("SCI"), filed this civil rights action pursuant to 42 U.S.C.

§ 1983.  He appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review**.  When a litigant proceeds in forma pauperis, 28 U.S.C.

§ 1915 provides for dismissal under certain circumstances.  When a prisoner seeks

redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for

screening of the complaint by the court.  Both 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.

4. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Plaintiff is

2

required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234. Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

5. **Discussion**. Plaintiff alleges that he has a life threatening disease, that defendants medication reordering nurses failed to obtain his medications, and that defendant Jill Mosser took away his medication. (D.I. 2.) He also alleges that defendant Correctional Medical Services ("CMS") failed to dispense his medication. (D.I. 7.) Additional defendants are Richard Kearney ("Kearney"), Stan Taylor ("Taylor"), Michael Delay ("Delay"), and Carl Danberg ("Danberg").

6. **Respondeat Superior/Personal Involvement**. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v.

Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State
Police, 570 F.2d 86, 89 (3d Cir.1978)). Additionally, when bringing a § 1983 claim, a
plaintiff must allege that some person has deprived him of a federal right, and that the
person who caused the deprivation acted under color of state law. West v. Atkins, 487
U.S. 42, 48 (1988).

7. Kearney, Taylor, Delay, and Danberg are named defendants. The complaint,
however, contains no allegations against them. It may be that plaintiff is attempting to
state a claim against them based upon their supervisory positions. Plaintiff may set forth
a claim for supervisory liability under § 1983 if he "(1) identif[ies] the specific supervisory
practice or procedure that the supervisor failed to employ, and show[s] that (2) the
existing custom and practice without the identified, absent custom or procedure created
an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this
unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the
underling's violation resulted from the supervisor's failure to employ that supervisory
practice or procedure." Brown v. Muhlenberg Twp., 269 F.3d 205, 216 (3d Cir. 2001)
(citing Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)). In order for a supervisory
public official to be held liable for a subordinate's constitutional tort, the official must
either be the "moving force [behind] the constitutional violation" or exhibit "deliberate
indifference to the plight of the person deprived." Sample v. Diecks, 885 F.2d 1099,
1118 (3d Cir. 1989) (citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)).

8. There is nothing in the complaint to indicate that Kearney, Taylor, Delay,
and/or Danberg were the "driving force [behind]" plaintiff's allegations. More so, the

4

complaint does not indicate that these defendants were aware of plaintiff's allegations and remained "deliberately indifferent" to his plight. Sample v. Diecks, 885 F.2d at 1118. Accordingly, these claims against Kearney, Taylor, Delay, and Danberg are dismissed inasmuch as they have no arguable basis in law or in fact pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

9. **Conclusion**. Based upon the foregoing analysis, plaintiff may proceed with the medical needs claims against Correctional Medical Services, Jill Mosser, Medication Reordering Nurse #1 and Medication Reordering Nurse Heather. All claims against defendants Richard Kearney, Stan Taylor, Michael Delay, and Carl Danberg are dismissed for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), and they are dismissed as defendants.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff shall provide to the clerk of the court **original** "U.S. Marshal-285" forms for **the remaining defendants Correctional Medical Services, Jill Mosser, Medication Reordering Nurse #1 and Medication Reordering Nurse Heather,** as well as for the **Attorney General of the State of Delaware**, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to 10 DEL. C. § 3103(c). **Plaintiff shall provide the court with copies of the complaint (D.I. 2) and the amended complaint (D.I. 7) for service upon remaining defendants and the attorney general. The plaintiff is notified that the United States Marshal will not serve the complaint and amended complaint until all "U.S.**

5

**Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for each remaining defendant and the attorney general within 120 days of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3. The United States Marshal shall forthwith serve a copy of the complaint and amended complaint (D.I. 2, 7), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) so identified in each 285 form.

4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the  complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will

6

be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7.  **NOTE: \*\*\*** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**.  An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a). **\*\*\***

8.  **NOTE: \*\*\*** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. **\*\*\***

_____
UNITED STATES DISTRICT JUDGE