IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM E. HARTMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 08-30-SLR |
| ) | |
| CORRECTIONAL MEDICAL ) | |
| SERVICES, JILL MOSSER, ) | |
| MEDICATION REORDERING NURSE ) | |
| #1 JANE DOE, and MEDICATION ) | |
| REORDERING NURSE HEATHER, ) | |
| ) | |
| Defendants. ) | |

William E. Hartman, Georgetown, Delaware. Pro se Plaintiff.

James Edward Drnec, Esquire, Balick & Balick LLC, Wilmington, Delaware. Counsel for Defendants Correctional Medical Services and Jill Mosser.

**MEMORANDUM OPINION**

Dated: 5/5/09
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

On January 15, 2008, William E. Hartman ("plaintiff"), a pro se plaintiff proceeding in forma pauperis, filed the present action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants Correctional Medical Services ("CMS"), Jill Mosser, Medication Reordering Nurse #1 Jane Doe, and Medication Reordering Nurse Heather were medically negligent because, since September of 2005 (shortly after plaintiff was incarcerated at the Sussex Correctional Institution, "SCI"), defendants failed to consistently distribute prescription medication to plaintiff. (D.I. 1,7) In response to plaintiff's action, defendants have filed a motion to dismiss plaintiff's complaint on the grounds that plaintiff failed to file an affidavit of merit with his complaint as required by 18 Del.C. § 6853(a)(1).[1] (D.I. 17) Also before the court are plaintiff's motion for appointment of counsel and defendant CMS's motion for leave to depose plaintiff. (D.I. 20, 41) The court has jurisdiction over the present suit pursuant to 28 U.S.C. § 1331. For the reasons set forth below, plaintiff's case is dismissed.

## II. BACKGROUND

Plaintiff was incarcerated at SCI beginning on August 9, 2005, and has remained incarcerated there through the date of this opinion. (D.I. 36 at 1) Plaintiff claims that he suffers from a "life threat[en]ing heart disease problem." (D.I. 7 at ¶ 2) Plaintiff further claims that he has been prescribed several medications to treat his condition and that,

---

[1] "No healthcare negligence lawsuit shall be filed in this State unless the complaint is accompanied by... an affidavit of merit as to each defendant signed by an expert witness... and accompanied by a current curriculum vitae of the witness, stating that there are reasonable grounds to believe that there has been healthcare medical negligence committed by each defendant."

while he has been at SCI, he has not consistently been given his medications. (D.I. 2, 7, 36) Plaintiff alleges hundreds of lapses in receiving medication, some lasting a mere day and others lasting several weeks to upwards of two months. (D.I. 7 at 2-3) Plaintiff attributes these lapse to CMS's and their on staff medical reordering nurses' failure to properly order medications.

Plaintiff claims to have made multiple attempts to remedy this situation prior to filing this action. (D.I. 36 at 2) In February of 2007, plaintiff claims he filed a sickcall slip in an attempt to get his medications in midst of a lapse in medication. (*Id.*) He claims, however, that it took CMS staff 16 days to answer his slip and provide him with the medication he was prescribed. (*Id.*) Plaintiff also claims to have filed 58 grievances regarding the delays in obtaining medication through CMS. (D.I. 7 at ¶ 3) Plaintiff asserts that defendant, Jill Mosser, a member of the medical staff at SCI, falsified written statements in response to his grievance(s). (D.I. 2 at 3) According to plaintiff, as a consequence of Jill Mosser's false statements, the outcome of plaintiff's grievances were that his "keep on person" medications were taken away, and it was determined that all medications would be administered to plaintiff directly via a nurse. (*Id.* at 2) This, plaintiff contends, has done nothing to solve the problem of the availability of his medications at SCI. (*Id.*)

Plaintiff asserts he has suffered both health and work related problems as a result of the lapses in medication. (*Id.* at 4) Medically, plaintiff contends the lack of medication has put him at risk of suffering another major heart attack and he has been in fear of suffering one numerous times. (*Id.*; D.I. 36 at 3) Additionally, plaintiff has had

frequent difficulty controlling his blood pressure as a result of not being supplied with adequate doses of medication. To support this, plaintiff gives a list of dates and blood pressure readings, some of which coincide with periods where he claims not to have been given medication. (D.I. 7 at 4) As a result of the blood pressure problems, plaintiff claims he was unable to consistently work at his woodshop job, eventually resulting in him losing that job. (*Id.*) Subsequent to losing his woodshop job, plaintiff was only able to obtain a kitchen job that payed a lower hourly wage than his woodshop job.[2] (*Id.*) Plaintiff seeks to be compensated for the days he was forced to miss work at his woodshop job, for the difference in the wage rates, for his court costs, and for the stress he has undergone and the risk to his life that has resulted from not being consistently supplied with necessary medication. (D.I. 2 at 4)

## III. STANDARD OF REVIEW

In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 545, 555 (2007) (interpreting Fed. R. Civ. P. 8(a)) (internal quotations omitted). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his

---

[2]Plaintiff's woodshop job paid 40¢ an hour, while various jobs he has held since then in the kitchen have paid between 18¢ and 32¢ an hour.

'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 545. Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint and its amendment, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. 89, 127 S.Ct. at 2200 (2007) (citation omitted).

## IV. DISCUSSION

Defendants CMS and Jill Mosser move to dismiss plaintiff's claim on the grounds that plaintiff has failed to accompany his claim with an affidavit of merit. Plaintiff in his complaint attributes all of his claims to medical negligence.[3] (D.I. 7 at 4) Under Delaware law, medical negligence claims are governed by the Delaware Health Care Negligence Insurance and Litigation Act. 18 Del. C. § 6801-6865. Under § 6853, all medical negligence claims must be accompanied by an affidavit of merit unless they present a rebuttable inference of medical negligence as provided for by the statute.[4] 18

---

[3]In plaintiff's amended complaint, when referring to his claims, plaintiff states, "I feel this is **all** due to medical negligence by staff here...." (D.I. 7 at 4) (emphasis added)

[4]Rebuttable inferences of medical negligence are limited to the following claims:

(1) A foreign object was unintentionally left within the body of the patient following surgery;
(2) An explosion or fire originating in a substance used in treatment occurred in the course of treatment; or
(3) A surgical procedure was performed on the wrong patient or wrong organ, limb or part of the patient's body.

4

Del. C. § 6853. The statute does provide that "[t]he court, may, upon timely motion of the plaintiff and for good cause shown, grant a single 60-day extension for the time of filing the affidavit of merit." 18 Del. C. § 6853(a)(2).

Plaintiff in this case failed to file an affidavit of merit with his complaint and has not made a formal motion for extension of time to file his affidavit of merit. In response to defendants' motion, plaintiff indicates that he is "seeking help" to obtain an affidavit of merit and that he has contacted a cardiologist in an attempt to obtain an affidavit from an expert. (D.I. 36, 40) Even if these responses were to be liberally construed as a motion for an extension of time to file an affidavit of merit, it would not be timely as this claim was filed on January 15, 2008, and plaintiff's responses weren't filed until January of 2009. As such, plaintiff has failed to comply with the requirements for a medical negligence claim to proceed as prescribed by 18 Del. C. § 6853. Accordingly, the court will grant defendants' motion. As the only claim made by plaintiff was for medical negligence, plaintiff's case is dismissed.[5]

### V. CONCLUSION

For the reasons stated above, plaintiff's case is dismissed. An appropriate order shall issue.

---

18 Del. C. § 6852(e)

[5] Plaintiff's motions to appoint counsel (D.I. 20) and to subpoena records (D.I. 33) are rendered moot by the dismissal of plaintiff's case. Defendants' motions for leave to depose plaintiff (D.I. 41) and for dismissal for failure to respond to discovery requests (D.I. 43) are also moot.

5